FILED'06 MAR 08 17:23USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JORGE MIRANDA and                                  Civ. No. 04-CV-241 AA
IRENE MIRANDA,                                     OPINION AND ORDER

          Plaintiffs,

     v.

CITY OF CORNELIUS and
ACME TOWING, INC.,

          Defendants.
_____

Spencer M. Neal
Oregon Law Center
921 SW Washington #516
Portland, OR  97205
     Attorney for plaintiffs

Gerald L. Warren
280 Liberty Street SE, Suite 206
Salem, OR 97301
     Attorney for defendants

1    - OPINION AND ORDER

AIKEN, Judge:

Plaintiffs, having received judgment in their favor, move for an award of attorneys fees and costs in the amount of $17,235.57 pursuant to 42 U.S.C. § 1988 and Local Rule 54.4. For the reasons set forth below, plaintiffs' motion is granted.

## BACKGROUND

In February 2004, plaintiffs filed suit against defendants for violation of plaintiffs' Fourth and Fourteenth Amendment rights. Plaintiffs' vehicle had been towed from the driveway of their home pursuant to a city ordinance authorizing tows when a driver is cited for driving without an operator's license. On January 9, 2006, this court entered judgment in plaintiffs' favor for $3000 plus reasonable attorneys fees and costs incurred prior to December 23, 2005, in an amount to be stipulated by the parties or to be determined by the court if the parties could not agree. On January 20, 2006, plaintiffs moved for attorneys fees and costs in the amount of $17,235.57.[1]

## STANDARDS

A determination of a reasonable attorney's fee begins with the

---

[1] Plaintiffs also seek an order of $13,817 in appellate attorney's fees and costs from the Ninth Circuit Court of Appeals. Defendants ask this court to wait until the Ninth Circuit determines whether to remand the issue to this court so as to avoid inconsistent rulings on a reasonable hourly rate. I find such a delay unnecessary. If the Ninth Circuit ultimately decides to transfer the issue to this court, I will consider the appellate attorney's fees at that time.

2    - OPINION AND ORDER

"lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 J.S. 546, 563-64 (1986). Plaintiff carries the burden of proving the lodestar. Id. A few of the factors considered include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the customary fee; (5) the amount involved and the results obtained; and (6) the experience, reputation and ability of the attorneys. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (outlining twelve factors bearing on reasonableness). Only those factors which are applicable need be addressed. Sapper v. Lenco Blade, Inc., 704 F.2d 1069 (9th Cir. 1983).

The court may adjust the lodestar downward if the plaintiff has achieved only partial or limited success, Hensley v. Eckerhart, 461 U.S. 424, 435 (1983), or upward in "rare" and "exceptional" cases, Delaware Valley, 478 U.S. at 565. However, there is a strong presumption that the lodestar figure represents a reasonable fee. Miller v. L.A. County Bd. of Educ., 827 F.2d 617, 621 (9th Cir. 1987).

## DISCUSSION

Plaintiffs are seeking attorney's fees for a total of 88.6 hours: 49.6 hours for the lead attorney, Spencer Neal, and 39 hours for Mr. Neal's law clerk. The hourly rates sought for this

3    - OPINION AND ORDER

work are $295 and $60, respectively.  Some of the services performed include legal research, meeting with co-counsel and plaintiffs, and preparing and litigating three motions, including cross-motions for summary judgment.

Defendants object to plaintiffs' request on the following grounds:  (1) Mr. Neal used "block billing," which does not reasonably identify the tasks performed; (2) Mr. Neal is charging for an unreasonable number of hours; and (3) Mr. Neal's requested hourly rate of $295 exceeds the prevailing market rate in the community and should be placed in the range of $230 to $240 per hour.[2]  I disagree with each of defendants' objections.

First, the time records submitted by plaintiffs clearly reveal the nature of the work performed by Mr. Neal and his law clerk. Defendants fail to define "block billing" and do not cite any specific entries that they argue were block-billed.  Contrary to defendants' assertion, the majority of Mr. Neal's entries are in small increments of less than one hour, and each entry clearly identifies the work performed.

Second, the amount of hours that Mr. Neal spent working on this case was reasonable.  As the Ninth Circuit Court of Appeals noted, this case consisted of "unusual facts" presenting a "novel question" of law.  Miranda v. City of Cornelius, 429 F.3d 858, 867

---

[2] Defendants do not object to the hourly rate requested for Mr. Neal's law clerk and do not outline any specific objections to the number of hours the law clerk spent on this case.

(9th Cir. 2005).  Thus, it was reasonable for Mr. Neal to spend 49.6 hours performing tasks such as researching potentially relevant case law, reviewing and revising his law clerk's work, and responding to defendants' various motions.

Finally, I find that the rate of $295 sought by plaintiffs for Mr. Neal's time is reasonable.  To determine the appropriate hourly rate, the court considers the "prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).  Plaintiffs have submitted several affidavits and declarations discussing the current market rate for experienced trial attorneys in this community practicing in specialized areas of law.  Those hourly rates range from a low of $250 per hour to a high of more than $400 per hour.

In response, defendants rely solely upon the 2002 Oregon State Bar Economic Survey, which accounts only for the attorney's years of experience rather than important factors such as skill and reputation.  Furthermore, the survey includes hourly rates for attorneys who are part-time due to lack of legal work.  Inclusion of these attorneys in the survey results in an underestimation of the prevailing market rate for skilled full-time attorneys with good reputations.  See Affidavit of Phil Goldsmith, p. 5. (noting that attorneys lacking the skill and reputation to attract sufficient work at the prevailing rates will charge lower rates to obtain work).  Given the bar survey's outdated figures and lack of

5    - OPINION AND ORDER

consideration for skill and reputation, it is of limited value in this case.

Plaintiffs have presented ample evidence that their requested hourly rate is reasonable and customary for attorneys in the Portland, Oregon, area in light of the specialized nature of the work involved and Mr. Neal's skill, reputation, and experience. Therefore, I find that $295 is a reasonable hourly rate for Mr. Neal s services.

CONCLUSION

Plaintiffs' motions for attorney's fees and costs (docs. 56 and 57) are granted against defendants in the amount of $17,194.00 [(49 6 hours x $295) + (39 hours x $60) + $222 costs].

IT IS SO ORDERED.

Dated this ___ day of March, 2006.

_____
Ann Aiken
United States District Judge

6     - OPINION AND ORDER